The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Richard Ford. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. A North Carolina Industrial Commission Form 21 Settlement Agreement approved 30 August 1995 appears in the Commission file.
2. On 5 June 1995, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
3. On said date the employer-employee relationship existed between the parties.
4. As of said date, defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
5. That plaintiff sustained an injury by accident to her back arising out of and in the course of the employment with the defendant-employer on 5 June 1995.
6. On said date plaintiff was earning an average weekly wage to be determined from a North Carolina Industrial Commission Form 22, Wage Scale Chart to be provided by defendant.
7. That the issues to be determined in this case are:
 a. Did plaintiff sustain an injury by accident to her right shoulder arising out of and in the course of her employment with defendant-employer on 5 June 1995; and,
 b. If so, are the injuries of which plaintiff complains caused by the said accident; and,
 c. If so, to what compensation, if any, is plaintiff entitled under the Act.
 d. What average weekly wage was plaintiff earning on 5 June 1995 under the terms of the Form 22 provided by defendant.
8. The parties further stipulate into evidence the deposition of Dr. Leonard Nelson dated 18 November 1996.
Subsequent to the hearing on 6 January 1997, the parties entered the following documentation into the record which have been considered by the undersigned in ruling in this matter and with respect to which all Motions and Objections have been duly considered under the applicable law and rules of evidence:
1. Deposition of Robert Wyker, M.D. dated 16 January 1997.
2. A Form 22, Wage Scale Chart setting out days worked and wages paid by defendant to plaintiff for the 52 weeks prior to 5 June 1995.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On 5 June 1995, plaintiff, with an eighth grade education, who has a hearing deficit and has done heavy physical work during her active work years and who has been working for defendant approximately 5 years, was employed by defendant-employer as a laborer.
2. On 5 June 1995 as plaintiff was performing the duties of her employment in a usual manner and stocking shelves with produce, she felt pain in her low back and right shoulder as she lifted a box of bananas weighing approximately 40 pounds and twisted in placing it on a shelf and thereafter was unable to lift a second box of bananas because of the pain she was experiencing.
3. Thereafter, plaintiff received medical care and treatment for her right shoulder consisting of cortisone injections and a surgical procedure in August of 1996 and for her back consisting of conservative medical treatment and a surgical procedure in March of 1996.
4. As stipulated and under the terms of the Form 21, Settlement Agreement of 30 August 1995, plaintiff has sustained a compensable injury to her low back as the result of the incident occurring 5 June 1995 for which she has been compensated by defendant and provided with medical treatment.
5. On 5 June 1995 neither while taking therapy for her back nor when she fell at home in October of 1995, did plaintiff sustain an injury to her right shoulder by accident arising out of and in the course of the employment with defendant-employer.
6. The work duties which plaintiff was performing on 5 June 1995 were part of her regular employment and being performed in a usual and regular manner.
7. During a 52 week period prior to 5 June 1995, plaintiff earned in wages $8,753.18 and during said period from 4 June 1994 to 5 June 1995 worked 201 days.
8. Plaintiff reached maximum medical improvement with respect to her back condition on 17 June 1996 when she was medically released from further medical treatment of her back to return as needed.
9. Plaintiff has sustained a ten percent permanent partial disability of the back.
10. Plaintiff has been paid compensation at the rate of $155.00 per week since 5 June 1995 by defendant and, as of the date of this hearing on 6 January 1997, is continuing to receive such payments.
11. Plaintiff was earning an average weekly wage of $304.84 on 5 June 1995.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 5 June 1995, plaintiff sustained an injury to her back by accident in the nature of a traumatic incident of the work assigned arising out of and in the course of her employment with defendant-employer.
2. On 5 June 1995, nor at any other time did plaintiff sustain an injury by accident to her right shoulder arising out of and in the course of her employment with defendant-employer.
3. With respect to her back, plaintiff is entitled to temporary total disability compensation benefits from 5 June 1995 to 17 June 1996 at the rate of $203.23 per week.
4. With respect to her back, plaintiff is entitled to permanent partial disability compensation benefits for thirty weeks at the rate of $203.23 per week commencing 17 June 1996.
5. Defendant is entitled to a credit for the compensation paid to plaintiff subsequent to 5 June 1995 against the compensation herein awarded.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay to plaintiff in one lump sum temporary total disability compensation benefits from 5 June 1995 to 17 June 1996 at the rate of $203.23 per week, less the attorney fee and credit hereinafter provided.
2. Defendant shall pay to plaintiff permanent partial disability compensation benefits for thirty weeks at the rate of $203.23 per week commencing 17 June 1996, less the attorney fee and credit hereinafter provided.
3. Defendant shall pay all medical expense resulting from plaintiff's compensable back injury for treatment which is or was reasonably necessary to effect a cure, to provide relief, or to lessen any period of disability.
4. Defendant is allowed a credit for compensation paid to plaintiff subsequent to 5 June 1995 against the compensation herein awarded.
5. An attorney fee of twenty-five percent of the compensation herein allowed subsequent to deducting the credit herein allowed is hereby approved and awarded to Brenton Adams for his services to plaintiff to be deducted from the compensation above-provided and paid directly to said attorney.
6. Defendant shall pay the costs.
This the 26th day of August 1998.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________________ CHRISTOPHER SCOTT COMMISSIONER
S/ ______________________ DIANNE C. SELLERS COMMISSIONER